```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| BETH ISRAEL, a/k/a CONGREGATION BETH ISRAEL | CIVIL ACTION |
| VERSUS | No. 07-655 |
| NORA VADEN INSURANCE AGENCY, INC., ET AL. | SECTION: I/3 |

### ORDER AND REASONS

The matter before the Court is a motion to remand, filed on behalf of plaintiff, Beth Israel, a/k/a, Congregation Beth Israel. Defendants in this matter are Nora Vaden Insurance Agency, Inc. ("Nora Vaden"), Eagan Insurance Agency, Inc. ("Eagan"), Harleysville Mutual Insurance Company ("Harleysville"), Westport Insurance Corporation ("Westport"), and XYZ Insurance Company ("XYZ").

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS

84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[1]  The

---

[1] The Court notes that, on the facts of this case, defendants have failed to establish that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  This Court has previously addressed the substantive legal arguments raised here.  *See Richmond*, 2006 WL 2710566.

As in *Richmond*, the date from which the peremptive periods under La. R.S. 9:5606 must run is a contested issue of substantive fact in this case. *Richmond*, 2006 WL 2710566 at *5.  Given that plaintiff alleges that Eagan made continuous representations to it and that it relied on those representations, *see* Rec. Doc. No. 1-2, p. 29, the Court cannot determine, based on uncontested facts, the date from which the peremptive period should run.  Since this Court must resolve substantive issues of contested fact in plaintiffs' favor, *Richmond*, 2006 WL 2710566, at *3, defendants cannot satisfy their burden under *Smallwood*.

Additionally, considering the Louisiana case law reviewed in *Richmond*, there is a reasonable basis to predict that plaintiffs might be able to recover against Eagan.  *See id.* at *6.  In *Richmond*, this Court noted that Louisiana courts have held that an insurance agent's "fiduciary duty includes advising his client with regards to recommended coverage." *Id.* (quoting *Durham v. McFarland*, 527 So. 2d 403, 405 (La. Ct. App. 4th Cir. 1988)).  Such a duty may be formed "depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So. 2d 769, 773 (La. Ct. App. 3d Cir. 2002).  Here, plaintiff alleges that it relied on the representations, experience, and expertise of Eagan, and that Eagan breached its fiduciary duty to advise plaintiff regarding the procurement of maximum insurance coverage and to secure said coverage.  Rec. Doc. No. 1-2, p. 29.  While the Court cannot conclude based on these general allegations that plaintiffs will succeed in their claims against Eagan, defendants have failed to establish that there is no reasonable basis to predict that plaintiff might be able to recover.  Therefore, this Court lacks

Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion. The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff[2] is **GRANTED** and the case is **REMANDED** to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, April __23rd__, 2007.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

diversity jurisdiction and there is no other valid basis for jurisdiction over this matter. *See, e.g.*, *Rizzuto*, *2006 WL 3332832*, at *3-5 (no commerce clause or federal officer removal jurisdiction); *Jackson,* 2006 WL 3332835, at *3-4 (flood policy procurement claims do not establish federal question jurisdiction). The Court also notes that plaintiff's *reservation* of claims under the NFIP, *see* Rec. Doc. 1-3, p. 5, does not constitute a claim under the NFIP and cannot be a basis for jurisdiction over this matter.

[2]Rec. Doc. No. 7.